Pro Se 15 2023

_____FILED    _____ENTERED
_____LODGED    _____RECEIVED

FEB 13 2026    LS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

2:26-cv-559-JNW- corrected case number

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

~~26-cv-05133~~ -ANC

| | |
|---|---|
| Harini Sridhar, Pro Se | CASE NO. _____ |
| HS  Minor child of Plaintiff 1 | [to be filled in by Clerk's Office] |
| _____, | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| Plaintiff(s), | (for use only by plaintiffs not in custody) |
| v. | |
| Ken Schubert, | Jury Trial: ☒ Yes  ☐ No |
| Ashley Olson, | |
| Srinaath Ravichandran, | |
| Katherine Anderson | |

## I.    THE PARTIES TO THIS COMPLAINT

A.    Plaintiff(s)

_Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed._

| | |
|---|---|
| Name | Harini Sridhar, HS    r |
| Street Address | PO Box 257, PMB 11458, |
| City and County | Olympia |
| State and Zip Code | WA 98507-0257 |
| Telephone Number | +1(682)225-1848 |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 1

Pro Se 15 2023

B.    Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

| | |
|---|---|
| Name | Ken Schubert |
| Job or Title *(if known)* | Judge, King county Superior court |
| Street Address | c/o King County Superior Court 516 3rd Ave, Room C-203 |
| City and County | Seattle, King |
| State and Zip Code | WA 98104 |
| Telephone Number | 206-477-1567 |
| ☒ Individual capacity | ☐ Official capacity |

Defendant No. 2

| | |
|---|---|
| Name | Ashley Olson |
| Job or Title *(if known)* | Attorney at Olson legacy law |
| Street Address | Olson Jonson Building, 1734 NW Market St |
| City and County | Seattle, King |
| State and Zip Code | WA 98107 |
| Telephone Number | +(206) 789-4700 |
| ☒ Individual capacity | ☐ Official capacity |

Defendant No. 3

| | |
|---|---|
| Name | Srinaath Ravichandran |
| Job or Title *(if known)* | Principal engineering manager/ Group manager Microsoft |
| Street Address | 4250 W lake Sammamish pkwy NE apt D3017 |
| City and County | Redmond, King |
| State and Zip Code | WA 98052-5683 |
| Telephone Number | +1(713)306-8275 |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 2

Pro Se 15 2023

☒ Individual capacity    ☐ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Katherine Anderson |
| Job or Title *(if known)* | Attorney at Olson legacy law |
| Street Address | Olson Jonson Building, 1734 NW Market St |
| City and County | Seattle, King |
| State and Zip Code | WA 98107 |
| Telephone Number | +(206) 789-4700 |

☒ Individual capacity    ☐ Official capacity

## II.    PREVIOUS LAWSUITS

Have you brought any other lawsuits in any federal court in the United States:?

☒ No          ☐ Yes          If yes, how many? Click here to enter text..

Describe the lawsuit:

_____

_____

Parties to this previous lawsuit:

_____

_____

Plaintiff(s)

_____

_____

Defendant(s)

_____

_____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 3

*Pro Se 15 2023*

(*If there is more than one previous lawsuit, describe the additional lawsuits on another piece of paper using the same outline. Attach additional sheets, if necessary*)

Court and name of district:

King county superior court

Docket Number:  23-3-03167-2 SEA

Assigned Judge:  Ken Schubert

Disposition: (*For example, was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?*)

Part of the case is pending in COA. However, the relief from the state claims does not moot the federal claim in this lawsuit. Plaintiff is not asking the federal court to intervene with the state court proceedings other than restoring rights and stop the willful deprivation and violation of rights of the plaintiff.

Approximate filing date of lawsuit:  Click here to enter date.

Approximate date of disposition:  Click here to enter date.

### III.    BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suite against (*check all that apply*):

☐    Federal officials (a *Bivens* claim)

☐    State or local officials (a § 1983 claim)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 4

*Pro Se 15 2023*

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in King County, Washington, which lies within this District.

This action arises under 42 U.S.C. § 1983 for violations of rights secured by the Constitution of the United States, including:

1. **First Amendment** – Retaliation for protected petitioning activity and unlawful restrictions on access to courts.

2. **Fourth Amendment** – Unreasonable seizure of the minor child through removal and continued retention without lawful process.

3. **Fourteenth Amendment – Procedural Due Process** – Deprivation of parental rights and liberty interests without adequate notice and meaningful opportunity to be heard.

4. **Fourteenth Amendment – Substantive Due Process** – Arbitrary interference with the fundamental liberty interest in the care, custody, and control of one's child.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 5

Pro Se 15 2023

5. **Fourteenth Amendment – Equal Protection** – Intentional and irrational differential treatment in the administration of judicial procedures.

Federal jurisdiction is therefore proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

N/A_____

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any     statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

1.     Defendant Ken Schubert

Defendant Ken Schubert was, at all relevant times, a Judge of the King County Superior Court exercising authority granted by the State of Washington. The actions challenged in this Complaint—including presiding over proceedings, issuing findings, entering and transmitting enforceable orders, and managing post-judgment matters—were taken pursuant to judicial authority derived from state law.

Because the alleged deprivations occurred through the exercise of state-conferred judicial power, Defendant Schubert acted under color of state law within the meaning of 42 U.S.C. § 1983.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 6

*Pro Se 15 2023*

2.    Defendant Ashley Olson

Defendant Ashley Olson acted as counsel for Defendant Ravichandran in the underlying proceedings. Plaintiff alleges that Defendant Olson engaged in coordinated action with Defendant Schubert in securing and implementing judicial orders that deprived Plaintiffs of constitutional rights.

A private party acts under color of state law when she is a willful participant in joint activity with a state official. By participating in coordinated communications and proposed orders that were adopted and enforced through state judicial authority, Defendant Olson acted under color of state law.

3.    Defendant Srinaath Ravichandran

Defendant Srinaath Ravichandran was the opposing party in the underlying proceedings and sought and benefited from the issuance and enforcement of the challenged orders. Plaintiff alleges that Defendant Ravichandran acted jointly with Defendant Schubert and counsel in obtaining and maintaining orders affecting custody and liberty interests.

A private individual acts under color of state law when he is a willful participant in joint action with a state official. By participating in coordinated conduct implemented through state judicial authority, Defendant Ravichandran acted under color of state law.

4.    Defendant Katherine Anderson

Defendant Katherine Anderson acted as co-counsel for Defendant Ravichandran in the underlying proceedings. Plaintiff alleges that Defendant Anderson participated in coordinated action with Defendant Schubert and co-counsel to secure and enforce the challenged judicial orders.

Where a private attorney is a willful participant in joint activity with a state official, she acts under color of state law for purposes of § 1983. Defendant Anderson's alleged

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 7

participation in coordinated actions implemented through state judicial authority satisfies this standard.

## IV.    STATEMENT OF CLAIM

*State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

### 1.  42 U.S.C. § 1983 – First Amendment Retaliation / Right to Petition

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**Protected Activity**

Plaintiff engaged in activity protected by the First Amendment, including but not limited to reporting misconduct to disciplinary authorities, submitting ADA accommodation requests, filing motions and objections, and seeking judicial review and redress of grievances.

**Adverse Actions**

Defendant1 took adverse actions that would deter a person of ordinary firmness from continuing to engage in protected First Amendment activity, including issuing punitive orders, restricting Plaintiff's ability to access courts, prohibiting Plaintiff from seeking review, threatening custody consequence for refusal to withdraw petition, reintroducing previously denied allegations, and exposing protected records.

### 2.  42 U.S.C. § 1983 – Fourth Amendment Unreasonable Seizure

Plaintiffs incorporates by reference all preceding paragraphs as though fully set forth herein.

**Protected Interest**

Pro Se 15 2023

The Fourth Amendment protects individuals from unreasonable seizures, including the seizure of a child from a parent without lawful process, notice, or a valid judicial proceeding.

**Unreasonable Seizure**

Defendants 1, 2 through 3&4 caused the removal of Plaintiff's minor child through orders issued without a filed petition, without statutory commencement, without notice, without a hearing, and without allegations involving the child, resulting in an unreasonable seizure.

### 3. 42 U.S.C. § 1983 – Fourteenth Amendment Procedural Due Process

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**Protected Interest**

Plaintiff has a protected liberty interest in the care and custody of her child, access to the courts, meaningful notice, and a fair opportunity to be heard.

**Procedural Violations**

Defendants 1, 2 through 3&4 deprived Plaintiff of procedural due process by suppressing evidence, denying accommodations, issuing orders without notice or hearing, making credibility findings despite Plaintiff's absence, blocking access to judicial review, retroactively curing notice defects, and conducting adjudication outside the formal docket.

### 4. 42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**Protected Interest**

The Fourteenth Amendment protects the fundamental right to parent one's child and to be free from arbitrary and conscience-shocking government action.

**Arbitrary and Unjustified Conduct**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 9

Pro Se 15 2023

Defendants 1, 2 through 3&4 engaged in arbitrary and conscience-shocking conduct by removing a child without lawful process, re-litigating previously denied allegations, imposing punitive restrictions, compelling evaluations after deprivation, issuing conflicting orders, and interfering with Plaintiff's fundamental liberty interests.

**5.  42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection**

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**a.  Differential Treatment**

Plaintiff was treated differently from similarly situated litigants through asymmetric enforcement of procedural rules, retroactive curing of notice defects for one party but not Plaintiff, and discriminatory treatment related to disability and protected activity.

**b.  No Rational Basis / Discriminatory Intent**

Defendant 1's differential treatment lacked any rational basis and was motivated by animus, retaliation, or discriminatory intent.

**6.  42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights**

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**Agreement and Joint Action**

Defendants 1, 3 & 4 reached an agreement in the presence of defendant 3, understanding, or meeting of the minds to deprive Plaintiff of constitutional rights, as evidenced by coordinated actions, communications, and joint participation in the challenged conduct.

**Overt Acts**

In furtherance of the conspiracy, Defendants committed overt acts including issuing orders without jurisdiction, depriving liberty before due process, transmitting orders for

*Pro Se 15 2023*

enforcement, obstructing access to courts, suppressing evidence, and re-litigating previously denied allegations.

**Resulting Violations**

The conspiracy resulted in violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.

A.      Where did the events giving rise to your claim(s) occur?

The events giving rise to Plaintiff's claims occurred in King County, Washington, primarily within the King County Superior Court, located in Seattle, Washington. Relevant conduct also occurred through electronic communications transmitted to and from King County Superior Court personnel and parties located within King County, Washington. All material judicial proceedings, orders, and related actions underlying this complaint arose within the Western District of Washington.

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur?

The events giving rise to Plaintiff's claims occurred between July 19, 2023 and the present. The principal constitutional violations occurred during and immediately following trial proceedings held on November 4 and 5, 2025, and upon entry of orders dated November 7, 2025 and December 17, 2025. Additional related conduct occurred on or about January 16, 2026 and January 20, 2026, including actions concerning post-judgment proceedings and case reassignment. The constitutional injuries described herein are ongoing in nature.

C.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 11

Pro Se 15 2023

Plaintiff is the mother and primary caregiver of a minor child. Plaintiff and Defendant Srinaath Ravichandran were parties to a dissolution proceeding in King County Superior Court before Defendant Judge Ken Schubert.

On November 4 and 5, 2025, a dissolution trial was conducted. Plaintiff was absent due to a documented medical emergency. Prior to and during the medical emergency, Plaintiff communicated with the court's ADA accommodation personnel and opposing counsel and provided medical documentation from the emergency room and treating physicians.

Despite Plaintiff's documented medical incapacity, the trial proceeded in her absence.

During the trial, in Plaintiff's absence, Defendants Ravichandran, Ashley Olson, and Katherine Anderson requested that Defendant Judge Schubert issue a Domestic Violence Protection Order. No separate domestic violence petition had been filed, no summons had issued, and no separate case had been commenced under Washington's domestic violence statutes at that time.

On November 7, 2025, counsel for Defendant Ravichandran transmitted an email to Judge Schubert requesting entry of a Domestic Violence Protection Order and attaching a proposed order. Within approximately one hour, Judge Schubert entered a final Domestic Violence Protection Order removing the minor child from Plaintiff's custody for five years.

No separate petition, complaint, or statutory filing initiating a domestic violence action had been filed in the court record prior to entry of that order. Plaintiff was not provided notice of a separate domestic violence proceeding and was not afforded a hearing on such a petition prior to entry of the order.

The Order was transmitted to law enforcement for enforcement.

On December 17, 2025, final dissolution orders were entered. The orders stated that Plaintiff had been afforded full opportunity to be heard and that the adequacy of due process

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 12

*Pro Se 15 2023*

could not be challenged. The orders further imposed restrictions limiting Plaintiff's ability to seek judicial review and pursue related legal actions in other jurisdictions.

The December 17, 2025 order also made credibility findings against Plaintiff despite Plaintiff's absence from trial.

Following routine judicial reassignment in January 2026, the case was reassigned to a different judicial officer. Thereafter, the case was returned to Judge Schubert's calendar. Subsequent rulings concerning Plaintiff's filings were communicated through informal email rather than formal docket entries.

Plaintiff alleges that Defendants Olson, Anderson, and Ravichandran acted jointly with Judge Schubert in seeking and obtaining the challenged orders and participated in coordinated actions resulting in the removal of Plaintiff's child and the imposition of restrictions on Plaintiff's legal rights.

As a result of these actions, Plaintiff was deprived of custody of her minor child and subjected to ongoing restrictions affecting her parental rights, court access, and protected activities.

The minor child has remained separated from Plaintiff pursuant to the November 7, 2025 order for a second time and compelled to obtain evidences such as mental health evaluartion after depriving liberty and wrongfully seizing the minor child punitively.

Throughout the proceedings, Plaintiff alleges that:

- Evidence submitted by Plaintiff, including ADA documentation and expert review materials, was not entered into the official docket and was later characterized as nonexistent.
- Certain docket activity and procedural communications were conducted outside the official court record, including substantive communications via email rather than docketed rulings.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 13

Pro Se 15 2023

- Plaintiff was contacted by telephone and directed to appear for proceedings on short notice without formal written notice entered into the record.

- Motions filed by Plaintiff were delayed, refused, or preemptively denied outside formal docket entries.

- The case was reassigned pursuant to judicial rotation in January 2026 and subsequently returned to Judge Schubert's calendar.

- Notice deficiencies attributable to Defendant Ravichandran were cured retroactively, while procedural requirements were strictly enforced against Plaintiff.

- Protected medical and immigration-related documents were entered into or exposed in the public docket without Plaintiff's authorization.

- Previously litigated allegations were reintroduced in support of renewed restrictions without reopening prior proceedings.

- The minor child was removed from Plaintiff's custody without a separately commenced proceeding and without notice specific to a domestic violence action.

- Plaintiff's protected activity, including filing complaints with oversight authorities and seeking disciplinary review, was referenced in connection with adverse rulings.

The injuries described are ongoing.

## V.    INJURIES

*If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.*

As a direct and proximate result of Defendants' actions described herein, Plaintiffs have suffered and continue to suffer constitutional injury and injuries from compelled cessation of breastfeeding.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 14

Pro Se 15 2023

Plaintiff 1 has suffered deprivation of parental rights, loss of custody, emotional distress, reputational harm, and ongoing psychological and mental health impacts resulting from the repeated removal of the minor child and the continuing enforcement of restrictive orders.

Plaintiff 2, a minor child, has suffered and continues to suffer emotional and psychological harm resulting from separation from the primary caregiver and disruption of familial stability.

The constitutional deprivations alleged herein are ongoing in nature. Because the deprivation of rights and associated harms are continuing, the full extent of damages cannot presently be quantified and will be proven at trial.

## VI.    RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.*

Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

1. **Declaratory Relief** A declaration that Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

2. **Prospective Injunctive Relief**

Appropriate prospective injunctive relief against Defendant Schubert in his official capacity, including but not limited to:

- An order prohibiting Defendant Schubert from presiding over, participating in, or exercising authority in any present or future proceeding involving Plaintiff 1 or Plaintiff 2 for intentional deprivation of rights;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 15

- An order prohibiting the removal of Plaintiff 2 from Plaintiff 1's primary care absent full statutory process, notice, and hearing;

- An order requiring the restoration of lost parenting time wrongfully denied to Plaintiff 1 as a result of the unconstitutional actions described herein;

- An order preventing Defendants from enforcing or re-imposing any restriction that deprives Plaintiffs 1 or 2 of protections from Defendant 3 without lawful basis.

**3. Compensatory Damages** Compensatory damages against all Defendants for whom punitive damages are legally available and amount to be determined at trial.

**4. Punitive Damages** Punitive damages against all Defendants for whom punitive damages are legally available.

**5. Costs and Fees** Costs, litigation expenses, and attorney's fees pursuant to 42 U.S.C. § 1988.

**6. Any Other Relief** Any further relief the Court deems just and proper.

## VII.    CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Pro Se 15 2023*

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        02/13/2026

Signature of Plaintiff    *b. Harini*

Printed Name of Plaintiff    HARINI SRIDHAR


Date of signing:        _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    _____


Date of signing:        _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    _____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - 17