UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARINI SRIDHAR, Pro Se, H.S., minor child of Plaintiff<br><br>Plaintiffs,<br><br>v.<br><br>KEN SCHUBERT, et al.,<br><br>Defendants. | CASE NO. 2:26-cv-00559-JNW<br><br>ORDER |

## 1. INTRODUCTION

Before the Court is in forma pauperis (IFP) pro se Plaintiff Harini Sridhar's Amended Complaint, Dkt. No. 7, and three motions to dismiss filed by the Defendants in this matter, Dkt. Nos. 20, 25, 28. Sridhar brings 42 U.S.C. § 1983 claims against King County Superior Court Judge Ken Schubert, Sridhar's former spouse Srinaath Ravichandran, former counsel for Ravichandran, Katherine Anderson and Ashley Olson. Dkt. No. 7 at 7–9. Sridhar's claims arise from a family court matter in King County Superior Court, which resulted in the dissolution of her marriage with Defendant Ravichandran, the imposition of a custody plan, and a Domestic Violence Protection Order against Sridhar. *Id.* at 15–17. Sridhar alleges

that she was unable to attend the state court proceeding due to a medical emergency and that she was denied accommodations to participate. *Id.* at 10, 12.

## 2. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). When considering a motion to dismiss, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021).

A pro se complaint must be construed liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But liberal construction does not require the Court to supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## 3. DISCUSSION

Sridhar alleges that Defendants' actions violated her constitutional rights arising under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

Sridhar names as defendants two attorneys, Katherine Anderson and Ashley Olson, who served as opposing counsel in the underlying King County Superior

Court case. Sridhar alleges that Olson and Anderson acted under color of state law, Dkt. No. 7 at 8–9, by representing Defendant Ravichandran. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Sridhar's only basis for calling the attorneys state actors is her allegation that they conspired with King County Superior Court Judge Ken Schubert (*see below*). A private party who conspires with a state actor *can* be liable under § 1983. *Brunette v. Humane Soc'y of Ventura Cnty.,* 294 F.3d 1205, 1211 (9th Cir. 2002). But the conspiracy must rest on facts, not labels. Conclusory allegations that a lawyer conspired with state officials to deprive a plaintiff of her rights do not state a claim. Sridhar pleads only the label—she does not say what the claimed off-the-record communications were, who took part, or when they happened. That is not enough. *Iqbal*, 556 U.S. at 678.

Sridhar sues Judge Schubert in her Amended Complaint. Judge Schubert is entitled to absolute immunity from suit for acts that relate to the judicial process. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Absent allegations that Judge Schubert acted completely outside his judicial capacity or jurisdiction, he is not a proper defendant in this action. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). All of the conduct Sridhar alleges against Judge Schubert involves actions that he took in his role as a judicial officer, including presiding over the case and entering orders in the case.

Sridhar's contrary theory—that Judge Schubert acted in the clear absence of all jurisdiction because the protection order was never opened as its own case—does not fit the exception. Immunity is not lost when a judge merely errs or exceeds his authority; only the complete absence of all jurisdiction strips it. *Mireles*, 502 U.S. at 11–12. Washington's superior courts have jurisdiction over dissolutions and over the protection orders entered in them. So even taking Sridhar's premise that the order should have carried its own cause number, she describes at most a flawed exercise of jurisdiction, not its absence.

The same defect sinks Sridhar's claims against Defendant Ravichandran, her former spouse. Litigating one's own divorce is not a state action, and Sridhar has not pled facts to suggest otherwise. Private parties generally are not liable under Section 1983 unless they are a "willful participant" with the state or its agents in an activity which deprives others of constitutional rights. *Brunette,* 294 F.3d 1211.

Sridhar's Amended Complaint is also barred, to the extent it seeks review of the state court's orders, by the *Rooker-Feldman* doctrine, which bars federal courts from reviewing state court judgments. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (federal courts are without jurisdiction to hear direct appeals from the judgment of state courts). Sridhar asks the Court to prohibit Judge Schubert from participating in the case or enforcing any restrictions on Sridhar or her minor child, effectively asking this Court to nullify previous orders entered by Judge Schubert.

Sridhar also brings claims on behalf of her minor child, H.S. Sridhar may represent herself, but as a non-attorney, she cannot represent another person, including her minor child. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.

1997) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because "it is not in the interest of minors . . . that they be represented by non-attorneys" (citation modified)).

One loose end remains. After Judge Schubert filed his reply, Sridhar filed a surreply asking the Court to strike parts of it. Dkt. No. 37. The Court has not relied on filings called out in the surreply, or on anything first offered in reply, to reach this decision. The request to strike is therefore moot.

**3.1 No leave to amend.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint, it should grant leave to amend, even if no request to amend is made. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). But leave to amend may be denied where amendment would be futile. *Id.*

The Court concludes that amendment would be futile here. Judicial immunity protects Judge Schubert from suit over his judicial acts, and no amended pleading can make those acts anything but judicial. The attorneys and Ravichandran are private parties, and repeating the word "conspiracy" will not make them state actors. Because these are legal bars, not pleading gaps, the Court DENIES leave to amend and DISMISSES Sridhar's own claims WITH PREJUDICE. *See Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1117 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. Defendants' motions to dismiss, Dkt. Nos. 20, 25, 28, are GRANTED. Plaintiff's Amended Complaint, Dkt. No. 7, is DISMISSED WITH PREJUDICE as to Sridhar's own claims and WITHOUT PREJUDICE as to the claims asserted on behalf of her minor child.
2. The attorneys' original motion to dismiss, Dkt. No. 19, is DENIED as moot, having been superseded by the amended motion at Dkt. No. 20.
3. Sridhar's surreply and request to strike, Dkt. No. 37, is DENIED as moot.
4. Plaintiff's motion for default, Dkt. No. 16, is DENIED as moot.
5. Plaintiff's application for appointment of pro bono counsel, Dkt. No. 12, is DENIED as moot.
6. Plaintiff's motion for contempt, Dkt. No. 43, is DENIED as moot.
7. Defendants' joint motion to stay discovery, Dkt. No. 26, is DENIED as moot.
8. Plaintiff's motion for clarification, Dkt. No. 33, is DENIED as moot.
9. Defendant Schubert's motion for relief from deadlines, Dkt. No. 39, is DENIED as moot.
10. The Clerk is directed to close this case.

Dated this 22nd day of July, 2026.

Jamal N. Whitehead
United States District Judge